IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-HC-2167-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MARC CHRISTOPHER TURNER, | ) | |
| | ) | |
| Respondent. | ) | |

This case comes before the court on the government's motion (D.E. 57) to compel respondent to submit to a psychological examination by Dale Arnold, Ph.D. ("Arnold"), a licensed psychologist who has already prepared an evaluation of respondent on behalf of the government without interviewing him. (Arnold Rep. (D.E. 16) 1). The government seeks an examination by Arnold primarily because respondent has submitted to an examination by the respondent-selected examiner appointed by the court, psychologist John Frank Warren, III, Ph.D. (*see* Warren Rep. (D.E. 56) 2; Order (D.E. 49)), and it believes fairness dictates that a psychologist of its choosing also have the opportunity to examine respondent.

Respondent has filed a response in opposition (D.E. 59). He objects to Arnold conducting an examination of him on the grounds that Arnold has not been appointed as an examiner by the court pursuant to 28 U.S.C. §§ 4247(b) and 4248(b), and therefore lacks the standing or authority to examine him. Respondent essentially acknowledges that if Arnold were appointed by the court, he would have to submit to an examination by Arnold.

Under the circumstances presented, the court finds that Arnold, whose credentials the court has reviewed and finds satisfactory for purposes of this order (*see* D.E. 30-1), should be appointed

as an examiner pursuant to 18 U.S.C. §§ 4247(b) and 4248(b). He will necessarily be acting as one selected by the government. IT IS THEREFORE ORDERED as follows:

1. The motion (D.E. 57) is ALLOWED on the terms set forth herein.

2. The court hereby APPOINTS Arnold as a mental health examiner pursuant to 18 U.S.C. §§ 4247(b) and 4248(b).

3. Arnold shall conduct a psychological examination of respondent on or before 23 September 2011 and shall prepare a written report on the examination containing the information prescribed by 18 U.S.C. § 4247(c), as well as a copy of his curriculum vitae. The report shall be filed with the court within 14 days after the examination but in no event later than 3 October 2011, under seal without further order of the court, with copies provided to counsel for each party, also pursuant to 18 U.S.C. § 4247(c).

4. Respondent shall submit to the examination by Arnold.

5. The Department of Justice shall be responsible for payment of the costs of the examination by Arnold and his report.

6. No other expert shall conduct a mental health examination of respondent on behalf of the government (or respondent) without prior court approval.

7. Nothing herein shall be deemed to extend any deadlines in the existing schedule for this case, which remains in effect. The record shows that respondent's initial disclosures were completed on 3 August 2011 when respondent filed the report of Dr. Warren (D.E. 56). Therefore, the period of additional discovery described in paragraph 4(j) of Standing Order 10-SO-01 shall close on 3 October 2011.

SO ORDERED, this 31st day of August 2011.

James E. Gates
United States Magistrate Judge