IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-HC-2167-D

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MARC CHRISTOPHER TURNER, ) | |
| ) | |
| Respondent. ) | |

This case comes before the court on respondent's motion *in limine* (D.E. 70) and amended motion *in limine* (D.E. 79) to exclude from the commitment hearing evidence purported to be protected by the psychotherapist-patient privilege and expert evidence derived from such information. The initial motion is supported by a memorandum of law (D.E. 71). The government has filed a response (D.E. 74) opposing the initial motion. The government has not filed a response to the amended motion, and the time within which to do so has expired. Nevertheless, the government's response to the initial motion appears to encompass the matters raised in the amended motion, and the court deems the government to oppose the amended motion on the same grounds. For the reasons that follow, the motions will be denied.

Respondent seeks to exclude evidence of information he provided within the context of the Sex Offender Treatment Program ("SOTP") within the Bureau of Prisons ("BOP") prior to the enactment 18 U.S.C. § 4248 and within the context of a sex offender evaluation by Christopher N.

Heard, J.D., Psy.D., dated 30 March 2001.[1] Additionally, respondent seeks to exclude the testimony of Drs. Dale Arnold and Tanya Cunic, psychologists the government intends to call as witnesses who, in formulating their opinions and preparing their reports on whether respondent meets the criteria for commitment, relied on the information from the SOTP and the evaluation by Dr. Heard. In support of his motion, respondent contends that his statements and the related information obtained from him are protected by the federal common law psychotherapist-patient privilege, recognized by Supreme Court in *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996).

The Fourth Circuit has held that the psychotherapist-patient privilege is a testimonial or evidentiary privilege and, as such, must be strictly construed. *United States v. Squillacote*, 221 F.3d 542, 560 (4th Cir. 2000); *see Jaffee*, 518 U.S. at 18 n.19 (recognizing that "there are situations in which the privilege must give way"). In the case of another evidentiary privilege, the attorney-client privilege, the Fourth Circuit has recognized that the holder of it may waive the privilege either expressly or impliedly by a voluntary disclosure to a third party. *See Hawkins v. Stables*, 148 F.3d 379, 384 n.4 (4th Cir. 1998) (attorney-client privilege). An implied waiver waives the privilege not only as to the specific information disclosed, but also as to the subject matter of the disclosure. *Id.* The burden rests on the person invoking the attorney-client privilege to demonstrate its applicability, including the absence of any waiver of it. *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir.1982); *AVX Corp. v. Horry Land Co.*, Civ. Act. No. 4:07–cv–3299–TLW–TER, 2010 WL 4884903, at *4 (D.S.C. 24 Nov. 2010).

---

[1] The initial motion relates to the SOTP records and the amended motion to Dr. Heard's evaluation, which apparently predated respondent's entry into the SOTP. (*See* Am. Mot. ¶ 2 (stating 30 March 2001 as date of Dr. Heard's evaluation); Mem. Supporting Initial Mot. 1 (indicating respondent executed SOTP consent form attached to motion on 22 March 2002 "[u]pon acceptance in the SOTP")). The court assumes that respondent intended the relief sought in his amended motion to supplement, not supplant, that sought in his initial motion.

2

Analogizing to the established principles regarding the attorney-client privilege, the court finds that respondent has waived any psychotherapist-patient privilege he may have had with respect to the information in question. As to most of the information, any privilege was waived by respondent's disclosure of it without objection to court-appointed, respondent-selected examiner John F. Warren III, Ph.D. (*See* D.E. 47 (motion for appointment), 49 (order for appointment)). Specifically, in his report, Dr. Warren indicates he received and reviewed documents with Bates numbers USAO_TURN_001-01787 and USAO_TURN_01733-01988. (Warren Rept. (D.E. 66) 2). These documents comprise most of those as to which respondent has asserted the claim of privilege in the final prehearing order, including the evaluation by Dr. Heard. (*See* Final Jt. Pre-hrg. Order (D.E. 77) 4-6, Pet's Ex. 2, 5, 13, 14, 16, 17, 19, 21, 22 (Dr. Heard's evaluation)[2]). By disclosing this information to Dr. Warren respondent could not reasonably expect that it would thereafter remain confidential. Moreover, respondent has identified Dr. Warren as a hearing witness and his report as a hearing exhibit. (*See id.* 6, 9).

It does not appear from Dr. Warren's report that respondent disclosed to him the documents identified as Petitioner's Exhibit 20, described as "Sex Offender Treatment Program Journal Entries and 'Arousal Log' with various dates," with Bates numbers 2259-2268; 2269-2270; 2275-2276. *Id.* at 5. Furthermore, it is not apparent from the reports of Drs. Arnold and Cunic that they received or relied on these particular documents.

But respondent has not shown that the subject matter of the 14 pages of documents in

---

[2] The Final Joint Pre-hearing Order gives the Bates numbers of Dr. Heard's evaluation as 1147-1456 and 1445-1446. (Final Jt. Pre-hrg. Order 6). The initial set of numbers appears to be in error because it would signify that Dr. Heard's evaluation is over 300 pages long and it overlaps the second set. In any event, both sets fall within the Bates number ranges of the documents Dr. Warren states he reviewed, as set out above.

Petitioner's Exhibit 20 is any different from that of the almost 2,000 pages of documents he provided to Dr. Warren. Indeed, the record strongly suggests that the subject matter is the same. Therefore, under the principles set out above, the court finds that respondent has failed to show that he did not waive any psychotherapist-patient privilege he had with respect to the small number of SOTP records in question by disclosing the vast majority of such records to Dr. Warren. *Cf.* Fed. R. Civ. P. 35(b)(4) (providing that "[b]y requesting and obtaining the examiner's report, or by deposing the examiner, the party examined [under the rule] waives any privilege it may have–in that action or any other action involving the same controversy–concerning testimony about all examinations of the same condition"). Because such waiver is fatal to the privilege ground for respondent's motion, the court declines to address the remaining contentions of the parties regarding privilege, including the extent to which, if any, the psychotherapist-patient privilege applied prior to the disclosure to Dr. Warren.

For the foregoing reasons, IT IS ORDERED that respondent's motion *in limine* (D.E. 70) and amended motion *in limine* (D.E. 79) are DENIED WITHOUT PREJUDICE. This ruling, including the underlying analysis, is necessarily based on the record as it currently stands, and, therefore, is subject to further development of the record in proceedings before and during the commitment hearing, and the authority of the presiding District Judge over such proceedings.

SO ORDERED, this 3rd day of January 2012.

James E. Gates
United States Magistrate Judge