IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-HC-2167-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| MARC CHRISTOPHER TURNER, | ) | |
| | ) | |
| Respondent. | ) | |

This case comes before the court on respondent's renewed motion to dismiss [D.E. 76], which the presiding Chief District Judge has referred to the undersigned for memorandum and recommendation ("M&R") (*see* Minute Entry after Docket Entry 80). In this action, the government seeks to commit respondent as a sexually dangerous person under 18 U.S.C. § 4248 ("§ 4248"). Respondent seeks dismissal based on purported due process and equal protection violations. The government has responded in opposition [D.E. 80]. For the reasons that follow, it will be recommended that the motion be denied.

Respondent contends that proceedings under § 4248 are criminal rather than civil in nature. Mot. Dismiss 1-2. Respondent also contends that the statutory scheme for commitment of sexually dangerous persons violates equal protection because it uses an individual's status as a prisoner to control whether he may be subject to civil commitment proceedings. *Id.* at 5-6. These arguments are without merit. *See United States v. Timms,* Nos. 11-6886, 11-6941, ___ F.3d ___, at *20-21, *33 (4th Cir. Jan. 9, 2012); *United States v. Comstock,* No. 5:06-HC-2195-BR, 2011 WL 5835100, at *1, *3 (E.D.N.C. Nov. 21, 2011); Order Deny. Mot. Dismiss 1-2, *United States v. Burkhardt,* No. 5:07-HC-2125-D (E.D.N.C. Dec. 6, 2011) [D.E. 77].

Respondent also contends that a due process violation has occurred because the government filed its certification commencing this case on the date he was to be released from criminal confinement, and by not holding a hearing on the merits of commitment for more four years since the time of certification. Mot. Dismiss 5. The court disagrees. The government complied with the certification process in the statute. Once the government filed the certification, the statute provides an automatic stay of the person's release. *See* 18 U.S.C. § 4248(a). The certification process is rational and does not violate due process. *See Burkhardt, supra,* at 2.

As for the delay in a hearing on the merits, respondent has expressly or impliedly consented to any substantial periods of delay. Other periods of delay are of a duration routinely incurred in litigation. A brief review of the history of this case and appellate litigation affecting it substantiate these conclusions.

On 7 September 2007, this court held § 4248 unconstitutional and ordered dismissal in five cases under § 4248. *Comstock*, 507 F. Supp. 2d 522 (E.D.N.C. 2007), *rev'd in part*, 130 S. Ct. 1949 (2010), *remanded to and rev'd*, 627 F.3d 513 (4th Cir. 2010), *cert. denied*, 131 S. Ct. 3026 (2011). The court stayed release of the respondents in those cases pending appeal by the government. *See* Order Grant. Mot. Stay, *Comstock*, No. 5:06-HC-2195-BR (E.D.N.C. Nov. 26, 2007) [D.E. 40].

The court subsequently, on 8 January 2008 [*see* D.E. 2], stayed proceedings in all other § 4248 cases then before it, including this case, pending the outcome of the *Comstock* appellate litigation. Respondent did not seek any relief from the stay order at the time it was entered.

On January 8, 2009, the Fourth Circuit affirmed this court's determination that § 4248 was unconstitutional, *see Comstock*, 551 F.3d 274 (4th Cir. 2009), and the next day respondent filed a motion for release from custody [D.E. 4]. His case, however, remained stayed under this court's

2

prior stay order—which respondent again did not directly challenge—pending review of *Comstock* by the Supreme Court. On 17 May 2010, the Supreme Court upheld the constitutionality of § 4248 and reversed the contrary decisions of the Fourth Circuit and this court. *Comstock*, 130 S. Ct. at 1954. Within a month, on 11 June 2010, this court denied respondent's motion for release and lifted the stay [D.E. 7], although appellate proceedings continued before the Fourth Circuit in *Comstock*.

Shortly thereafter, on 23 June 2010, respondent filed a motion for a hearing on the merits of commitment [D.E. 8]. Within about six weeks, on 4 August 2010, discovery began in this case pursuant to the standing order entered by this court on that date, Standing Order 10-SO-01, governing prehearing procedures in all § 4248 cases in this district and providing for a discovery period of six months. Standing Order 10-SO-01, 1 ¶ 1; 3 ¶ 4; 10. Respondent did not object to the six-month discovery schedule.

Respondent subsequently requested and received numerous extensions of the time for discovery. *See* Order of 9 Nov. 2010 [D.E. 20] (granting 90-day extension); Order of 23 Feb. 2011 [D.E. 40] (granting additional 60-day extension); Order of 13 May 2011 [D.E. 46] (granting additional 73-day extension); Order of 19 July 2011 [D.E. 53] (granting additional 32-day extension). As a result of these extensions, discovery closed on October 3, 2011.

Along with several other § 4248 cases, this case was scheduled for a commitment hearing during a two-week session commencing 28 November 2011, but this case was not reached. The commitment hearing is presently scheduled to commence on February 27, 2012. The court concludes that this record reveals no delay in the proceedings in this case violating respondent's right to due process. *See Timms, supra*, at *30-31.

IT IS THEREFORE RECOMMENDED that respondent's motion [D.E. 76] be DENIED.

3

IT IS ORDERED that the Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have until 23 January 2012 to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. Any response to objections is due no later than 7 days after the filing of the objection, but in no event later than 30 January 2012

This, the 9th day of January 2012.

James E. Gates
United States Magistrate Judge