IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-HC-2167-D

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| MARC CHRISTOPHER TURNER, | ) | |
| Respondent. | ) | |

Marc Christopher Turner ("Turner" or "respondent") is confined at the Federal Correctional Institution in Butner, North Carolina, awaiting a hearing on the government's petition for his commitment pursuant to 18 U.S.C. § 4248 [D.E. 1]. On January 9, 2012, Magistrate Judge Gates issued a Memorandum and Recommendation ("M&R") [D.E. 89], recommending that the court deny Turner's motion to dismiss [D.E. 76]. On January 23, 2012, Turner filed objections to the M&R [D.E. 90]. On January 30, 2012, the government filed a response [D.E. 91], indicating it has no objections to the M&R.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted). As for those portions of the M&R to which there was no objection, the court finds no clear error on the face of the record. As for those portions of the M&R to which there was an objection, the court has reviewed the M&R de novo.

In his objections, Turner asserts that in United States v. Timms, 664 F.3d 436 (4th Cir. 2012), the Fourth Circuit wrongly decided that section 4248 proceedings are civil and do not violate equal protection. Turner further asserts that the analysis in Timms is flawed with respect to the delay in holding a commitment hearing.

Timms is controlling precedent. Section 4248 proceedings are civil and do not violate equal protection. See id. at 449, 455–56. Likewise, the delay in a hearing on the merits is not grounds for dismissal. See id. at 449–55. Alternatively, even if the delay violated due process, the remedy is a hearing (as opposed to immediate release). See id. at 455 n.19. The hearing in this case will begin on February 27, 2012.

In sum, the court adopts the M&R and DENIES respondent's motion to dismiss [D.E. 76]. SO ORDERED. This 24 day of February 2012.

JAMES C. DEVER III
Chief United States District Judge