IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-HC-2167-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MARC CHRISTOPHER TURNER, | ) | |
| | ) | |
| Respondent. | ) | |

On March 12, 2012, the United States ("government") filed a motion for a new trial or, in the alternative, for reconsideration [D.E. 110], a motion to stay [D.E. 112], and a motion to expedite briefing [D.E. 113]. On March 16, 2012, respondent Marc Christopher Turner ("Turner") responded in opposition [D.E. 114]. On March 19, 2012, Turner amplified his response in opposition [D.E. 116]. On the same day, the government replied to Turner's response [D.E. 117, 118].

On February 27, 2012, this court held a bench trial in Turner's commitment hearing under 18 U.S.C. §§ 4247–4248. In the hearing, the government sought to prove that Turner was "sexually dangerous" under the Adam Walsh Act. The court received the evidence on February 27, 2012, and took the matter under advisement. The court then reflected on all of the admissible evidence. On March 9, 2012, the court announced its decision in open court and found that the government had not met its burden of proof. Specifically, the court found that the government had failed to prove by clear and convincing evidence that, as a result of Turner's serious mental illnesses, abnormalities, or disorders, Turner would have serious difficulty in refraining from sexually violent conduct or child molestation.

The government now seeks a new trial under Rule 59(a)(2) of the Federal Rules of Civil Procedure. Rule 59(a)(2) states, "After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2). "Where a bench trial is conducted, a motion for rehearing should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons." Williams v. Hous. Auth. of Raleigh, 595 F. Supp. 2d 627, 630 (E.D.N.C. 2008) (quotation omitted), aff'd, No. 08-1752, 2009 WL 321628 (4th Cir. Feb. 10, 2009) (per curiam) (unpublished).

Alternatively, the government seeks relief under Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) states, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotations omitted); see also Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). However, Rule 59(e) does not permit a party "to raise arguments which could have been raised prior to issuance of the judgment . . . ." Pac. Ins. Co., 148 F.3d at 403.

In seeking relief under Rule 59(a)(2) and 59(e), the government relies on the same "new" evidence. Specifically, the government argues that this court, in ordering that Turner be released,

2

relied (in part) on Turner's pending 22-month term of supervised release in the United States District Court for the Eastern District of California, but that Turner never informed the court that he was challenging the legal basis of the 22-month term of supervised release. Specifically, on May 17, 2010, Turner filed a pro se motion with the United States District Court for the Eastern District of California seeking a declaration that his 22-month term of supervised release expired while he was awaiting his commitment hearing under 18 U.S.C. §§ 4247–4248. See United States v. Turner, No. 2:00-cr-00547-GEB-GGH, [D.E. 58] (E.D. Cal. May 17, 2010). Judge Burrell, the United States District Judge who originally sentenced Turner and imposed the term of supervised release as a part of Turner's sentence, denied relief on January 13, 2011. See id., [D.E. 64] (E.D. Cal. Jan. 13, 2011); cf. 18 U.S.C. §§ 3624(a), (e), 4248(a); United States v. Johnson, 529 U.S. 53, 57 (2000) ("Supervised release does not run while an individual remains in the custody of the Bureau of Prisons."). In turn, Turner appealed Judge Burrell's decision to the United States Court of Appeals for the Ninth Circuit, which heard oral argument on March 14, 2012. See United States v. Turner, No. 11-10038, [D.E. 44] (9th Cir. Mar. 14, 2012). According to the government, Turner's pending challenge to his supervised-release term is "new" evidence warranting new findings and a decision to commit Turner. According to the government, if the court had known of Turner's pending challenge to his supervised-release term, the court would have ruled in favor of the government on the issue of whether Turner would have "serious difficulty in refraining from sexually violent conduct or child molestation . . . ." 18 U.S.C. § 4247(a)(6).

The court rejects the government's argument. First, the government (through the Department of Justice) possessed all of the information that it now presents concerning Turner and his efforts to have the Ninth Circuit declare that his supervised-release term has expired. The court made no mistake of fact (manifest or otherwise) in its decision. The government simply failed to present the

3

evidence concerning Turner's pending appeal at the hearing. If the government believed that the evidence was important, it should have presented it. It did not, and the court declines the government's invitation to approve piecemeal litigation. Cf. Pac. Ins. Co., 148 F.3d at 403. Simply put, the evidence concerning Turner's pending appellate challenge to his supervised-release term is not "new."

Second, the evidence warrants no change in this court's decision. Notably, the Ninth Circuit has not ruled on Turner's claim, and the United States District Judge who sentenced Turner rejected it. Thus, when Turner is released on March 23, 2012, he will be on supervised release. Furthermore, although this court certainly considered the term of supervised release to be a protective factor and believes that the term is both legal and in Turner's and society's interest, the government ultimately lost this case because it did not prove—by clear and convincing evidence—that Turner would have serious difficulty in refraining from sexually violent conduct or child molestation. Obviously, the court hopes that Turner never again engages in such conduct. If he does, however, it will not be due to his serious mental illnesses, abnormalities, or disorders. Turner has volitional control. Cf. Kansas v. Crane, 534 U.S. 407, 411–13 (2002).

The motion for a new trial or for reconsideration [D.E. 110] is DENIED. The motion to stay pending a ruling [D.E. 112] and the motion to expedite briefing [D.E. 113] are DENIED as moot.

SO ORDERED. This **21** day of March 2012.

JAMES C. DEVER III
Chief United States District Judge

4